C 20 - 1353

## Commonwealth of Massachusetts

SUFFOLK, SS.

TRIAL COURT OF THE COMMONWEALTH
SUPERIOR COURT DEPARTMENT
CIVIL DOCKET NO. *2084 CV 01376*

_CONOR SULLIVAN_ , PLAINTIFF(S),

v.

_SALEWA NORTH AMERICA_ DEFENDANT(S)
_LLC_

### SUMMONS

THIS SUMMONS IS DIRECTED TO _SALEWA NORTH AMERICA, LLC_ . (Defendant's name)

**You are being sued.** The Plaintiff(s) named above has started a lawsuit against you A copy of the Plaintiff's Complaint filed against you is attached to this summons and the original complaint has been filed in the _SUFFOLK SUPERIOR_ Court. **YOU MUST ACT PROMPTLY TO PROTECT YOUR RIGHTS.**

1.  **You must respond to this lawsuit in writing within 20 days.** If you do not respond, the court may decide the case against you and award the Plaintiff everything asked for in the complaint. You will also lose the opportunity to tell your side of the story. You must respond to this lawsuit in writing even if you expect to resolve this matter with the Plaintiff. **If you need more time to respond, you may request an extension of time in writing from the Court.**

2.  **How to Respond.** To respond to this lawsuit, you must file a written response with the court **and** mail a copy to the Plaintiff's Attorney (or the Plaintiff, if unrepresented). You can do this by:
    a.  Filing your signed original response with the Clerk's Office for Civil Business, _SUFFOLK SUPERIOR_ Court, _3 Pemberton square, Boston, MA 02108_ (address), by mail or in person, **AND**
    b.  Delivering or mailing a copy of your response to the Plaintiff's Attorney/Plaintiff at the following address: _Brian G Callahan, Callahan & Associates, C2 shipway Place, Boston, MA 02129._

3.  **What to include in your response.** An "Answer" is one type of response to a Complaint. Your Answer must state whether you agree or disagree with the fact(s) alleged in each paragraph of the Complaint. Some defenses, called affirmative defenses, must be stated in your Answer or you may lose your right to use them in court. If you have any claims against the Plaintiff (referred to as **counterclaims**) that are based on the same facts or transaction described in the Complaint, then you must include those claims in your Answer. Otherwise, you may lose your right to sue the Plaintiff about anything related to this lawsuit. If you want to have your case heard by a jury, you must **specifically** request a jury trial in your Answer or in a written demand for a jury trial that you must send to the other side and file with the court no more than 10 days after sending your Answer. You can also respond to a Complaint by filing a "**Motion to Dismiss**," if you believe that the complaint is legally invalid or legally insufficient. A Motion to Dismiss must be based on one of the legal deficiencies or reasons listed under Mass. R. Civ. P. 12. If you are filing a Motion to Dismiss, you must also comply with the filing procedures for "Civil Motions" described in the rules of the Court in which the complaint was filed, available at www.mass.gov.courts/case-legal-res/rules of court.

4.   Legal Assistance. You may wish to get legal help from a lawyer. If you cannot get legal help, some basic
information for people who represent themselves is available at www.mass.gov/courts/selfhelp.

5.   Required information on all filings: The "civil docket number" appearing at the top of this notice is the
case number assigned to this case and must appear on the front of your Answer or Motion to Dismiss.
You should refer to yourself as the "Defendant."

Witness Hon. Judith Fabricant, Chief Justice on _AUGUST 19_, 20 _20_.

*Michael Joseph Donovan*
Michael Joseph Donovan
Clerk-Magistrate

Note: The number assigned to the Complaint by the Clerk Magistrate at the beginning of the lawsuit should be indicated on the
summons before it is served on the Defendant.


## PROOF OF SERVICE OF PROCESS

    I hereby certify that on _____, 20___, I served a copy of this summons,
together with a copy of the complaint in this action, on the defendant named in this summons, in the
following manner (See Mass. R. Civ. P. 4 (d)(1-5)):

_____
_____
_____

Dated: _____, 20___      Signature: _____


N.B.    TO PROCESS SERVER:

    PLEASE ENTER THE DATE THAT YOU MADE SERVICE ON THE DEFENDANT IN THIS BOX – BOTH
ON THE ORIGINAL SUMMONS AND ON THE COPY OF THE SUMMONS SERVED ON THE DEFENDANT.

COMMONWEALTH OF MASSACHUSETTS

SUFFOLK, ss.
                                        SUPERIOR COURT
                                        DOCKET NO.

CONOR SULLIVAN,                    )
                                   )
PLAINTIFF                          )
                                   )
V                                  )
                                   )
BACKCOUNTRY.COM, LLC,              )
And SALEWA NORTH AMERICA, LLC,     )
                                   )
DEFENDANTS                         )
                                   )
                                   )

## COMPLAINT AND JURY DEMAND

## PLAINTIFF'S COMPLAINT

### INTRODUCTION

Plaintiff Conor Sullivan brings this action to recover for serious personal injuries which he sustained on January 31, 2018 while skiing at Wildcat Mountain in the State of New Hampshire. On that day, Mr. Sullivan was skiing at the aforementioned mountain when his ski binding, a Dynafit Beast 14, unexpectedly failed, causing him to fall and sustain serious, life-threatening injuries. Defendants Backcountry.com, LLC (hereinafter Backcountry), and Salewa North America, LLC (hereinafter Salewa), are liable for the negligent conduct and breaches of warranties that directly and proximately caused Mr. Sullivan's injuries.

### PARTIES

1. The Plaintiff, Conor Sullivan, is an individual who, at all times relevant to this Complaint, resided in Boston, Commonwealth of Massachusetts.

2. Defendant, Backcountry is a Delaware Corporation with a principal place of business in Park City, Utah.

### FACTS

3. Defendant Salewa, upon information and belief, is a Colorado Corporation, with a principal place of business in Boulder Colorado. Salewa also operates under the name Dynafit.

4. Jurisdiction for this action is conferred upon this Court pursuant to the so-called Massachusetts long-arm statute, Mass. Gen. L. c. 223A, s. 3, et seq. insofar as the defendant(s) purposefully solicited business from the residents of the Commonwealth of Massachusetts, and otherwise maintained sufficient minimum contacts within the Commonwealth of Massachusetts to confer personal jurisdiction over said defendants.

## CLAIMS OF FACT

5. On or about August 7, 2017, plaintiff ordered the subject product, a Dynafit Beast 14 (Black/Red 120 MM) ski binding, at the cost of $314.98, from Backcountry. The Dynafit Beast 14 binding is a so-called "Tech" binding which was designed to be used by individuals who ski both inbounds and in backcountry terrain.

6. Salewa North America, LLC is the entity which supplied the subject product to Backcountry. Backcountry is an online retailer which specializes in the sale of ski equipment, gear and clothing throughout the United States. These products are offered for sale to the general public through the company's website, www.backcountry.com.

7. Upon information and belief, Dynafit is an Austrian Corporation which manufactures its line of binding products in Germany.

8. The subject product was defectively designed and manufactured insofar as the toe piece of the plaintiff's bindings broke and failed while it was being used reasonably and as intended, thereby causing Mr. Sullivan to fall and sustain serious permanent physical, mental and emotional injuries including, but not limited to, a closed head injury, fractured vertebrae, 7 broken ribs, fractured spleen, collapsed lung and several bone fractures. Plaintiff has also incurred medical costs and suffered a diminution of his earning capacity.

## COUNT I
## BREACH OF WARRANTY BY DEFENDANT BACKCOUNTRY.COM, LLC

9. Plaintiff Conor Sullivan incorporates by reference paragraphs 1 through 8 of this Complaint as if expressly set forth herein.

10. The Plaintiff is an individual whom defendant Backcountry would reasonably have expected to use or be affected by the product which it sold within the meaning of M.G. L. c. 106, s. 2-318.

11. The defendant expressly warranted that the subject product, which it advertised, promoted, supplied and sold, was of merchantable quality, fit and safe for the purpose for which it was promoted, supplied, distributed and/or sold.

12. The defendant breached said warranties in that the subject ski binding was not of merchantable quality, fit and safe for the purpose for which it was sold, nor reasonably safe and fit for the purpose intended.

13. Mr. Sullivan's injuries as hereinbefore alleged were caused by the breaches of said warranties by defendant Backcountry as hereinbefore alleged.

WHEREFORE, plaintiff Conor Sullivan demands judgment against defendant Backcountry in an amount to be determined at the trial of this matter, together with interest, costs, attorney's fees and such other relief as this Honorable Court deems necessary and proper.

## COUNT II

## NEGIGENCE OF BACKCOUNTRY.COM, LLC

14. Plaintiff Conor Sullivan incorporates by reference paragraphs 1 through 13 of this Complaint as if expressly set forth herein.

15. Defendant Backcountry promoted, advertised and sold the subject product to the plaintiff as set forth in paragraph 5.

16. Defendant backcountry negligently promoted, advertised, distributed and sold the product insofar as it knew, or should have known, that the product could fail while being used reasonably and as intended, thereby exposing its users to dangerous, unreasonable and unnecessary hazards and dangers.

17. As a direct and approximate result of the negligence of Backcountry, Mr. Sullivan suffered severe and debilitating physical, mental and emotional injuries, incurred medical costs and lost wages, experienced extreme pain and suffering and diminished enjoyment of life, most of which is ongoing and permanent.

WHEREFORE, plaintiff Conor Sullivan demands judgment against defendant Backcountry in an amount to be determined at the trial of this matter, together with interest, costs, attorney's fees and such other relief as this Honorable Court deems necessary and proper.

## COUNT III

## BREACH OF WARRANTY BY DEFENDANT SALEWA NORTH AMERICA, LLC

18. Plaintiff Conor Sullivan incorporates by reference paragraphs 1 through 17 of this Complaint as if expressly set forth herein.

19. The Plaintiff is an individual whom defendant Salewa would reasonably have expected to use or be affected by the product which it sold within the meaning of M.G. L. c. 106, s. 2-318.

3

20. The defendant expressly warranted that the subject product, which it advertised, promoted supplied and sold, was of merchantable quality, fit and safe for the purpose for which it was promoted, supplied, distributed and/or sold.

21. The defendant breached said warranties in that the subject ski binding was not of merchantable quality, fit and safe for the purpose for which it was sold, nor reasonably safe and fit for the purpose intended.

WHEREFORE, plaintiff Conor Sullivan demands judgment against defendant Salewa in an amount to be determined at the trial of this matter, together with interest, costs, attorney's fees and such other relief as this Honorable Court deems necessary and proper.

## COUNT IV

## NEGIGENCE OF SALEWA NORTH AMERICA, LLC

22. Plaintiff Conor Sullivan incorporates by reference paragraphs 1 through 21 of this Complaint as if expressly set forth herein.

23. Defendant Salewa promoted, advertised and sold the subject product to defendant Backcountry.

24. Defendant backcountry negligently promoted, advertised, distributed and sold the product insofar as it knew, or should have known, that the product could fail while being used reasonably and as intended, thereby exposing its users to dangerous, unreasonable and unnecessary hazards and dangers.

25. As a direct and approximate result of the negligence of Backcountry, Mr. Sullivan suffered severe and debilitating, physical, mental and emotional injuries, incurred medical costs and lost wages, experienced extreme pain and suffering and diminished enjoyment of life, most of which is ongoing and permanent.

## JURY CLAIM

Plaintiff Conor Sullivan requests a trial by jury on all counts.

4

Respectfully submitted,
Plaintiff Conor Sullivan, by his Attorney,

Joseph R. Donohue, Esq.
BBO No. 547320
Donohue & Associates
The Charlestown Navy Yard
Shipway Place, Unit C-2
Boston, Massachusetts 02129
(508) 641-8848
jrdonohuelaw@gmail.com

June  22, 2020