UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| CONOR SULLIVAN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CIVIL ACTION NO.:  1:20-cv-11716-IT |
| | ) |
| BACKCOUNTRY.COM, LLC, and | ) |
| SALEWA NORTH AMERICA, LLC | ) |
| | ) |
| Defendants. | ) |

**BACKCOUNTRY.COM, LLC'S ANSWER TO
THE PLAINTIFF'S COMPLAINT, SEPARATE DEFENSES AND JURY CLAIM**

The plaintiff, Backcountry.com, LLC ("Backcountry"), hereby responds to the plaintiff's Complaint as follows:

## INTRODUCTION

The allegations set forth in the plaintiff's Complaint speak for themselves.  To the extent the plaintiff's introductory paragraph expresses or implies negligence, breach of warranty, proximate cause, or other wrongdoing on the part of Backcountry, said allegations are expressly denied.

## PARTIES

1.      Backcountry lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 1 of the Complaint.

2.      Backcountry admits that its principal place of business is in Park City, Utah. Backcountry denies the remaining allegations set forth in Paragraph 2 of the Complaint.

## FACTS

3.      Backcountry lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 3 of the Complaint.

4.      The allegations set forth in Paragraph 4 of the Complaint state conclusions of law as to which no response is required.

5.      Backcountry lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 5 of the Complaint.

6.      Backcountry admits that it is an online retailer of products including ski equipment and clothing.   Backcountry further admits that it sells products through its website, www.backcountry.com.  Backcountry lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in Paragraph 6 of the Complaint.

7.      Backcountry lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 7 of the Complaint.

8.      Backcountry denies the allegations set forth in Paragraph 8 of the Complaint.

## COUNT I
## BREACH OF WARRANTY BY DEFENDANT BACKCOUNTRY.COM, LLC

9.      Backcountry repeats and incorporates by reference its responses to Paragraphs 1 through 8 of the Complaint.

10.     The allegations set forth in Paragraph 10 of the Complaint state conclusions of law as to which no response is required.  To the extent the allegations set forth in Paragraph 10 of the Complaint seek to express or imply negligence, breach of warranty, proximate cause, or other wrongdoing on the part of Backcountry, said allegations are expressly denied.

11.     The allegations set forth in Paragraph 11 of the Complaint state conclusions of law as to which no response is required.  To the extent the allegations set forth in Paragraph 11 of the

Complaint seek to express or imply negligence, breach of warranty, proximate cause, or other wrongdoing on the part of Backcountry, said allegations are expressly denied.

12.     Backcountry denies the allegations set forth in Paragraph 12 of the Complaint.

13.     Backcountry denies the allegations set forth in Paragraph 13 of the Complaint.

**COUNT II**
**NEGLIGENCE OF BACKCOUNTRY.COM, LLC**

14.     Backcountry repeats and incorporates by reference its responses to Paragraphs 1 through 13 of the Complaint.

15.     Backcountry lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 15 of the Complaint.  To the extent the allegations set forth in Paragraph 15 of the Complaint seek to express or imply negligence, breach of warranty, proximate cause, or other wrongdoing on the part of Backcountry, said allegations are expressly denied.

16.     Backcountry denies the allegations set forth in Paragraph 16 of the Complaint.

17.     Backcountry denies the allegations set forth in Paragraph 17 of the Complaint.

**COUNT III**
**BREACH OF WARRANTY BY DEFENDANT SALEWA NORTH AMERICA, LLC**

18.     Backcountry repeats and incorporates by reference its responses to Paragraphs 1 through 17 of the Complaint.

19.     The allegations set forth in Paragraph 19 of the Complaint are directed to a defendant other than Backcountry and therefore no response is required.  To the extent the allegations set forth in Paragraph 19 of the Complaint seek to express or imply negligence, breach of warranty, proximate cause, or other wrongdoing on the part of Backcountry, said allegations are expressly denied.

20.     The allegations set forth in Paragraph 20 of the Complaint are directed to a defendant other than Backcountry and therefore no response is required.   To the extent the allegations set forth in Paragraph 20 of the Complaint seek to express or imply negligence, breach of warranty, proximate cause, or other wrongdoing on the part of Backcountry, said allegations are expressly denied.

21.     The allegations set forth in Paragraph 21 of the Complaint are directed to a defendant other than Backcountry and therefore no response is required.   To the extent the allegations set forth in Paragraph 21 of the Complaint seek to express or imply negligence, breach of warranty, proximate cause, or other wrongdoing on the part of Backcountry, said allegations are expressly denied.

**COUNT IV**
**NEGLIGENCE OF DEFENDANT SALEWA NORTH AMERICA, LLC**

22.     Backcountry repeats and incorporates by reference its responses to Paragraphs 1 through 21 of the Complaint.

23.     The allegations set forth in Paragraph 23 of the Complaint are directed to a defendant other than Backcountry and therefore no response is required.   To the extent the allegations set forth in Paragraph 23 of the Complaint seek to express or imply negligence, breach of warranty, proximate cause, or other wrongdoing on the part of Backcountry, said allegations are expressly denied.

24.     The allegations set forth in Paragraph 24 of the Complaint are directed to a defendant other than Backcountry and therefore no response is required.   To the extent the allegations set forth in Paragraph 24 of the Complaint seek to express or imply negligence, breach of warranty, proximate cause, or other wrongdoing on the part of Backcountry, said allegations are expressly denied.

25.     The allegations set forth in Paragraph 25 of the Complaint are directed to a defendant other than Backcountry and therefore no response is required.  To the extent the allegations set forth in Paragraph 25 of the Complaint seek to express or imply negligence, breach of warranty, proximate cause, or other wrongdoing on the part of Backcountry, said allegations are expressly denied.

## SEPARATE DEFENSES

### FIRST SEPARATE DEFENSE

The plaintiff's Complaint fails to state claims on which relief can be granted against Backcountry.

### SECOND SEPARATE DEFENSE

The plaintiff's alleged losses were caused by the acts and omissions of third persons over whom Backcountry exercised no control and for whose conduct Backcountry is not responsible.

### THIRD SEPARATE DEFENSE

The plaintiff is barred from recovery because the alleged losses were caused by the intervening, superseding misconduct of persons or entities for whose conduct Backcountry is not responsible.

### FOURTH SEPARATE DEFENSE

The plaintiff is barred from recovery in whole or in part because of the comparative negligence of the plaintiff.

### FIFTH SEPARATE DEFENSE

The plaintiff is barred from recovery because the conduct of persons other than Backcountry, including the plaintiff, was the sole proximate cause of the plaintiff's alleged losses.

### SIXTH SEPARATE DEFENSE

The plaintiff is barred from recovery from Backcountry because the subject binding was modified, altered, maintained, mishandled, or changed in an unreasonable and unforeseeable manner after it left Backcountry's possession, custody, and/or control.

### SEVENTH SEPARATE DEFENSE

The plaintiff is barred from any recovery on a theory of breach of warranty because the plaintiff failed to provide Backcountry timely notice of any alleged breach of warranty and that failure caused Backcountry substantial prejudice in its ability to defend against the plaintiff's claims.

### EIGHTH SEPARATE DEFENSE

If the subject binding is defective, which Backcountry specifically denies, the plaintiff is barred from recovery because the plaintiff was aware of the alleged defects and nonetheless proceeded voluntarily and unreasonably to encounter known dangers created by the alleged defects.

### NINTH SEPARATE DEFENSE

The plaintiff's failed to take reasonable and appropriate action to mitigate the injuries and damages allegedly sustained as a result of the alleged incident.

### TENTH SEPARATE DEFENSE

The plaintiff is barred from recovery to the extent the plaintiff spoliated evidence.

### ELEVENTH SEPARATE DEFENSE

The Court lacks personal jurisdiction over Backcountry.

## TWELFTH SEPARATE DEFENSE

The plaintiff is barred from recovery because the plaintiff's alleged losses were caused by the unforeseeable misuse of the product.

## THIRTEENTH SEPARATE DEFENSE

The plaintiff's warning claims are barred by the Sophisticated User Doctrine.

Backcountry specifically reserves the right to assert additional separate defenses as they become known to it.

## JURY DEMAND

Backcountry demands a trial by jury on all claims.

## PRAYER FOR RELIEF

WHEREFORE, Backcountry respectfully requests that this Court:

1.  Enter judgment against the plaintiff and in favor of Backcountry;

2.  Dismiss the plaintiff's claims with prejudice;

3.  Award Backcountry all costs and attorney's fees permitted by applicable law; and

4.  Order any further relief as this Court may determine is proper.

BACKCOUNTRY.COM, LLC

By Its Attorneys,

CAMPBELL CONROY & O'NEIL, P.C.

*/s/ Trevor J. Keenan*
James M. Campbell (BBO #541882)
jmcampbell@campbell-trial-lawyers.com
Trevor J. Keenan (BBO #652508)
tkeenan@campbell-trial-lawyers.com
1 Constitution Wharf, Suite 310
Boston, MA 02129
P:  617-241-3000
F:  617-241-5115

## CERTIFICATE OF SERVICE

On September 23, 2020, I, Trevor J. Keenan, filed electronically and served by mail on anyone unable to accept electronic filing the foregoing document.  Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system as indicated on the Notice of Electronic Filing.  Parties may access this filing through the Court's CM/ECF System.

*/s/ Trevor J. Keenan*
Trevor J. Keenan